IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                          Civ. No. 11-242

$40,000.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

ISMAEL SALINAS A/K/A MIKE SALINAS,

    *Claimant.*

## Verified Complaint for Forfeiture *In Rem*

Plaintiff states:

### JURISDICTION AND VENUE

1. This is a civil action *in rem* for forfeiture of Defendant Currency which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2. The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3. Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which is the subject of this action consists of Forty Thousand ($40,000.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

## PARTIES AND CLAIMANTS

5. The following person may claim an interest in Defendant Currency:

   (a). Ismael Salinas a/k/a Mike Salinas at 4025 Pleasant Avenue, Odessa, TX 79764 and/or 2631 West Bell Street, Odessa, TX 79766, whose attorney is Richard Abalas, Esq. 520 N. Lee, Odessa TX 79761.

## FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6. Laguna Construction Company (LCC) is a New Mexico based company with a location in Baghdad, Iraq. LCC was a prime contractor providing contracting services to the United States. The contracts that LCC worked on were under the authority of the U.S. Department of Defense (DOD).

7. LCC hired numerous subcontractors to work on its projects in Iraq. LCC submitted its subcontractors' invoices to DOD, which subsequently reimbursed LCC for the amounts of the invoices plus a percentage. LLC, in turn, reimbursed its subcontractors for the amounts specified in their invoices.

8. From at least as early as April 2005 through December 2007, Ismael Salinas a/k/a Mike Salinas (Salinas) worked for LCC as a Project Superintendent at LCC's office in Baghdad, Iraq.

9. From December 2007 through March 2008, while still employed by LCC in Iraq, Salinas also performed duties for a Lebanese company that was a subcontractor.

10. From April 2005 until March 2008, Salinas accepted kickbacks from LCC's subcontractors, specifically: money payments for the purpose of improperly facilitating the award of LCC subcontracts and for favorably rating the performance of subcontractors.

11. Salinas met with various subcontractor representatives one-on-one to discuss illegal subcontractor kickbacks. Salinas provided assistance to these individuals and companies by facilitating the award of LCC subcontracts and by reporting to LCC favorable subcontractor performance.

12. Salinas caused subcontractors to submit inflated invoices to LCC for presentment to the United States, and agree to accept lesser amounts than those specified in the subcontractors' invoices so that contract funds were available to pay kickbacks to Salinas. Through this practice, Salinas caused the subcontracts paid by the United States to be inflated by the amounts Salinas would receive as kickbacks.

13. Salinas was aware that he caused LCC to submit kickback-inflated billings from its corporate headquarters in New Mexico to a DOD agency in Texas, causing an overbilling to the United States (DOD) of $847,904.00.

14. After the United States paid project billings, and after LCC paid the subcontractors willing to pay kickbacks to Salinas, Salinas personally met with the subcontractors to receive his payments. Salinas hid the kickbacks, received in U.S. currency, in his personal belongings and smuggled the illegal kickback payments into the United States.

15. In 2005 or 2006 Salinas received approximately $100,000 cash from one subcontractor and $14,000 cash from another. In 2006 or 2007 Salinas received approximately

$100,000 cash from a subcontractor. In 2008 Salinas received approximately $20,000 cash from a subcontractor. In 2007 or 2008 Salinas received approximately $150,000 from a subcontractor.

16. Salinas maintained $40,000 of kickback proceeds from a subcontractor in a wall locker in the LCC compound in Baghdad, Iraq.

17. On May 3, 2009, FBI agents seized the $40,000.

18. Salinas has no legal claim to the $40,000 (Defendant Currency) because the $40,000 was part of the proceeds of his illegal activities.

19. On May 13, 2010, an Information was filed against Salinas in the United States District Court for the District of New Mexico, charging him with violation of 18 U.S.C. § 371, conspiracy to solicit kickbacks (41 U.S.C. § 53). *United States v. Ismael Salinas*, USDC DNM Criminal No. 10-1383.

20. On October 1, 2010, in the United States District Court for the Southern District of Texas, Houston Division, Salinas pled guilty to Count One of the Information charging a violation of 18 U.S.C. § 371, conspiracy to pay or receive kickbacks (41 U.S.C. § 53). *United States v. Ismael Salinas,* USDC SDTX Cr. No. H-10-438.

21. In his Plea Agreement, Salinas agreed to forfeit to the United States all right, title, and interest in Defendant $40,000.00 U.S. Currency.

22. In his Plea Agreement, Salinas agreed to fully assist the United States in the forfeiture of the $40,000 Defendant Currency, and to take whatever steps are necessary to pass clear title to the United States, including executing any documents necessary to transfer Salinas' interest in the $40,000 Defendant Currency to the United States.

## CLAIM FOR RELIEF

23. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from proceeds traceable to a violation of an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense.

24. The Defendant Currency is subject to arrest and forfeiture to Plaintiff under 31 U.S.C. § 5317(c)(2) because the currency was involved in a violation of 31 U.S.C. § 5316, or conspiracy to commit such violation or is property traceable to such violation or conspiracy.

WHEREFORE, Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P. O. Box 607
Albuquerque, New Mexico 87103-0607
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 3/15/11

_____
John W. Howard, Special Agent
Federal Bureau of Investigation